**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **Valtrus Innovations Ltd.** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 2:24-cv-00361** |
| | § | |
| **NTT Data Services, LLC,** | § | **JURY TRIAL DEMANDED** |
| **NTT Data Americas, Inc.,** | § | |
| **NTT Communications Corp., and** | § | |
| **NTT Data, Inc.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Valtrus Innovations Limited ("Plaintiff" or "Valtrus"), by and through its undersigned counsel, brings this complaint for patent infringement and damages against Defendants NTT Data Services, LLC, NTT Data Americas, Inc., NTT Communications Corp., and NTT Data, Inc. (collectively, "NTT" or "Defendants") and would respectfully show the Court as follows:

**PARTIES**

1.      Valtrus is the successor-in-interest to a substantial patent portfolio created by Hewlett Packard Enterprise and its predecessor, subsidiary, and affiliate companies (collectively, "HPE").  Valtrus is an Irish entity duly organized and existing under the laws of the Republic of Ireland.  The address of the registered office of Valtrus is: The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.  HPE's worldwide corporate headquarters is located in Houston, Texas.  One of HPE's primary U.S. facilities is located in Plano, Texas.

2.      On information and belief, Defendant NTT Data Services, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 7950 Legacy Drive, Floor 11, Plano, TX 75024.  On information and belief, NTT Data Services, LLC may be served with process through its registered agent at Corporation Service Company, 211 East 7th St., Suite 620, Austin, TX 78701.

3.      On information and belief, Defendant NTT Data Americas, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 7950 Legacy Drive, Floor 11, Plano, TX 75024.  On information and belief, NTT Data Americas, Inc. may be served with process through its registered agent at Corporation Service Company, 211 East 7th St., Suite 620, Austin, TX 78701.

4.      On information and belief, Defendant NTT Communications Corp. is a corporation organized and existing under the laws of Japan, with a principal place of business at OTEMACHI PLACE WEST TOWER 2-3-1 Otemachi, Chiyoda-ku, Tokyo, Japan. On information and belief, Defendant NTT Communications Corp. works in concert with Defendants NTT Data Services, LLC and NTT Data Americas, Inc. regarding NTT's United States data center business.

5.      On information and belief, Defendant NTT Data, Inc. is a corporation organized and existing under the laws of Japan, with a principal place of business at 3-3, Toyosu 3-chome, Koto-ku, Tokyo, Japan. On information and belief, Defendant NTT Data, Inc. is the parent company of Defendants NTT Data Services, LLC, NTT Data Americas, Inc., and NTT Data Communications Corp. and works in concert with the other NTT Defendants regarding NTT's United States data center business.

**PATENTS IN SUIT**

6.      Valtrus is the assignee of and owns all right and title to U.S. Patent Nos. 6,718,277 (the "'277 Patent"); 6,854,287 (the "'287 Patent"); 6,862,179 (the "'179 Patent"); 7,031,870 (the "'870 Patent"); 7,339,490 (the "'490 Patent"); 9,310,855 (the "'855 Patent"); and 7,939,967 (the "'967 Patent") (collectively, "the Asserted Patents").

7.      The Asserted Patents were developed by inventors working for HPE.  HPE developed numerous innovative and diverse technologies, including groundbreaking inventions pertaining to data center cooling, analytics for monitoring conditions in data centers, and structural organization of data centers.

8.      The '277 Patent, entitled "Atmospheric control within a building," was duly and lawfully issued on April 6, 2004.  A true and correct copy of the '277 Patent is attached hereto as Exhibit 1.

9.      The '277 Patent was in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '277 Patent, including the right to seek damages, including past damages, for any infringement thereof.

10.     The '287 Patent, entitled "Cooling system," was duly and lawfully issued on February 15, 2005.  A true and correct copy of the '287 Patent is attached hereto as Exhibit 2.

11.     The '287 Patent was in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '287 Patent, including the right to seek damages, including past damages, for any infringement thereof.

12.     The '179 Patent, entitled "Partition for varying the supply of cooling fluid," was duly and lawfully issued on March 1, 2005.  A true and correct copy of the '179 Patent is attached hereto as Exhibit 3.

13.     The '179 Patent was in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '179 Patent, including the right to seek damages, including past damages, for any infringement thereof.

14.      The '870 Patent, entitled "Data center evaluation using an air re-circulation index," was duly and lawfully issued on April 18, 2006.  A true and correct copy of the '870 Patent is attached hereto as Exhibit 4.

15.     The '870 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '870 Patent, including the right to seek damages, including past damages, for any infringement thereof.

16.     The '490 Patent, entitled "Modular sensor assembly," was duly and lawfully issued on March 4, 2008.  A true and correct copy of the '490 Patent is attached hereto as Exhibit 5.

17.     The '490 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '490 Patent, including the right to seek damages for any infringement thereof.

18.     The '855 Patent, entitled "Flexible data center and methods for deployment," was duly and lawfully issued on April 12, 2016.  A true and correct copy of the '855 Patent is attached hereto as Exhibit 6.

19.     The '855 Patent has been in full force and effect since its issuance.  Valtrus owns by assignment the entire right and title in and to the '855 Patent, including the right to seek damages, including past damages, for any infringement thereof.

20.     The '967 Patent, entitled "Multiple Power Supply Control," was duly and lawfully issued on May 10, 2011. A true and correct copy of the '967 Patent is attached hereto as Exhibit 7.

21.     The '967 Patent has been in full force and effect since its issuance. Valtrus owns by assignment the entire right and title in and to the '967 Patent, including the right to seek damages, including past damages, for any infringement thereof.

22.     NTT has been on notice of the Asserted Patents and its infringement since at least March 25, 2024. Valtrus sent NTT a letter on March 22, 2024 regarding a Notice of Infringement of Valtrus Innovation Ltd.'s Patents ("Notice Letter"). The Notice Letter was delivered to NTT on March 25, 2024. The Notice Letter was addressed to NTT Data Americas, Inc.'s Executive Vice President & General Counsel & Secretary John Dick, and provided the specific factual basis for Valtrus' allegations of infringement. The Notice Letter also proposed a meeting to discuss a potential license or other arrangement between Valtrus and NTT.

23.     On April 9, 2024, Christopher T. Stidvent, NTT Data Services, LLC's VP, Commercial Litigation provided an initial response to Valtrus' letter stating that NTT was investigating Valtrus' claims. Mr. Stidvent and counsel for Valtrus had further correspondence between then and May 6, 2024, when NTT made clear it would no longer participate in good faith discussions.

## JURISDICTION AND VENUE

24.     Valtrus incorporates by reference paragraphs 1-23 herein.

25.     This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

26.     This District has general and specific personal jurisdiction over NTT Data Services, LLC and NTT Data Americas, Inc. because both companies are headquartered in this District. This

District has general and specific personal jurisdiction over NTT Communications Corp. and NTT Data, Inc. because both companies work in concert with Defendants NTT Data Services, LLC and NTT Data Americas, Inc. in this District relating to the infringing products. Moreover, directly or through intermediaries, NTT has committed acts within this District giving rise to this action; is present in and transacts and conducts business, directly, and/or indirectly, in this District and the State of Texas; and transacts and conduct business with residents of this District and the State of Texas.

27.     Valtrus's causes of action arise, at least in part, from NTT's contacts with and activities in and/or directed at this District and the State of Texas.

28.     NTT has infringed the Asserted Patents in the State of Texas by making, using, selling, offering for sale, and/or importing in this District and the State of Texas, products and services covered by claims in the Asserted Patents, including without limitation products that, when made or used, practice the claimed methods of the Asserted Patents.  NTT, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products and services in or into this District and the State of Texas.  NTT regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

29.     This Court has personal jurisdiction over NTT pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq.*

30.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

31.     NTT Data Americas, Inc. and NTT Data Services, LLC's principal place of business is located in this District and therefore both companies reside in this District for purposes

of venue.  NTT Communications Corp. and NTT Data, Inc. are foreign corporations not resident in any judicial district and can therefore be sued in any judicial District. Moreover, NTT is doing business, either directly or through respective agents, on an ongoing basis in this Judicial District and elsewhere in the United States and has committed acts of infringement in this District. NTT has a regular and established place of business in this Judicial District, including at its Plano headquarters.  On information and belief, NTT makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District.  NTT maintains a permanent and/or continuing presence within this District at its Plano headquarters, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one.  Upon information and belief, NTT has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

## FIRST CLAIM

### (Infringement of the '277 Patent)

32.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-31 of its Complaint.

33.     The '277 Patent is generally directed to atmospheric control within a building.

34.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1, of the '277 Patent, by making, using, selling, offering for sale, and/or importing systems in its data centers for cooling, or otherwise controlling atmospheric conditions within, the data centers.  For example, on information and belief, and before the expiration of the '277 Patent, NTT operated cooling systems in its data centers in a manner that infringed the '277 Patent.  An exemplary claim

chart demonstrating one way in which NTT infringed claim 1 of the '277 Patent is attached as

Exhibit 8.

## SECOND CLAIM

### (Infringement of the '287 Patent)

35.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-34 of its

Complaint.

36.     The '287 Patent is generally directed to a system and method for cooling a room

configured to house a plurality of computer systems.

37.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the

doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the

'287 Patent, by making, using, selling, offering for sale, and/or importing systems in its datacenters

for cooling the datacenters.  For example, on information and belief, and before the expiration of

the '287 Patent, NTT operated cooling systems in its data centers in a manner that infringed the

'287 Patent.  An exemplary claim chart demonstrating one way in which NTT infringed claim 1

of the '287 Patent is attached as Exhibit 9.

## THIRD CLAIM

### (Infringement of the '179 Patent)

38.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-37 of its

Complaint.

39.     The '179 Patent is generally directed to a partition for varying the supply of cooling

fluid in a data center.

40.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the

doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the

'179 Patent, by making, using, selling, offering for sale, and/or importing cooling systems in its data centers, including a partition for varying the supply of cooling fluid.  For example, on information and belief, and before the expiration of the '179 Patent, NTT operated cooling systems in its data centers in a manner that infringes the '179 Patent.  An exemplary claim chart demonstrating one way in which NTT infringes claim 1 of the '179 Patent is attached as Exhibit 10.

## FOURTH CLAIM

### (Infringement of the '870 Patent)

41.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-40 of its Complaint.

42.     The '870 Patent is generally directed to a system and method for evaluating one or more components in a data center.

43.     NTT has been on notice of the '870 Patent and a specific factual basis for its infringement of the '870 Patent since at least the date of Valtrus' Notice Letter.  On information and belief, NTT did not take any action to stop its infringement.

44.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '870 Patent, by making, using, selling, offering for sale, and/or importing cooling systems in its data centers.  For example, on information and belief, NTT operates cooling systems in its data centers in a manner that infringes the '870 Patent.  An exemplary claim chart demonstrating one way in which NTT infringes claim 1 of the '870 Patent is attached as Exhibit 11.

45.     To the extent NTT has failed to take any action to stop its infringement after being placed on notice of the above, such infringement has been willful.

## FIFTH CLAIM

### (Infringement of the '490 Patent)

46.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-45 of its Complaint.

47.     The '490 Patent is generally directed to a modular sensor assembly for sensing conditions at a computer rack, such as environmental conditions.

48.     NTT has been on notice of the '490 Patent and a specific factual basis for its infringement of the '490 Patent since at least the date of Valtrus' Notice Letter.  On information and belief, NTT did not take any action to stop its infringement.

49.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '490 Patent, by making, using, selling, offering for sale, and/or importing modular sensor assemblies for sensing conditions such as temperature at a computer rack in its data centers.  For example, on information and belief, NTT's data centers operate using modular sensor assemblies that infringe the '490 Patent.  An exemplary claim chart demonstrating one way in which NTT infringes claim 1 of the '490 Patent is attached as Exhibit 12.

50.     To the extent NTT has failed to take any action to stop its infringement after being placed on notice of the above, such infringement has been willful.

## SIXTH CLAIM

### (Infringement of the '855 Patent)

51.      Valtrus re-alleges and incorporates herein by reference paragraphs 1-50 of its Complaint.

52.     The '855 patent is generally directed to a flexible data center and methods for deployment of flexible data centers.

53.     NTT has been on notice of the '855 Patent and a specific factual basis for its infringement of the '855 Patent since at least the date of Valtrus' Notice Letter.  On information and belief, NTT did not take any action to stop its infringement.

54.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 8 of the '855 Patent, by making, using, selling and/or offering for sale flexible data centers.  For example, on information and belief, NTT's Dallas TX1 Data Center (as well as other data centers across the United States) infringes the '855 Patent.  An exemplary claim chart demonstrating one way in which NTT infringes claim 8 of the '855 Patent is attached as Exhibit 13.

55.     To the extent NTT has failed to take any action to stop its infringement after being placed on notice of the above, such infringement has been willful.

## SEVENTH CLAIM

### (Infringement of the '967 Patent)

56.     Valtrus re-alleges and incorporates herein by reference paragraphs 1-55 of its Complaint.

57.     The '967 patent is generally directed to multiple power supply control in data centers.

58.     NTT has been on notice of the '967 Patent and a specific factual basis for its infringement of the '967 Patent since at least the date of Valtrus' Notice Letter.  On information and belief, NTT did not take any action to stop its infringement.

59.     NTT has, under 35 U.S.C. § 271(a), directly infringed, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '967 Patent, by making, using, selling and/or offering for sale data centers using multiple power supply control.  For example, on information and belief, NTT's redundant power systems in its U.S. data centers infringe the '967 Patent.  An exemplary claim chart demonstrating one way in which NTT infringes claim 1 of the '967 Patent is attached as Exhibit 14.

60.     To the extent NTT has failed to take any action to stop its infringement after being placed on notice of the above, such infringement has been willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Valtrus prays for judgment against NTT as follows:

A.  That NTT has infringed each of the Asserted Patents, and unless enjoined, will continue to infringe one or more of the applicable Asserted Patents;

B.  That NTT's infringement of one or more of the applicable Asserted Patents has been willful;

C.  That NTT pay Valtrus damages adequate to compensate Valtrus for NTT's past infringement of each of the Asserted Patents, and present and future infringement of the applicable Asserted Patents, together with interest and costs under 35 U.S.C. § 284;

D.  That NTT pay prejudgment and post-judgment interest on the damages assessed;

E.  That NTT pay Valtrus enhanced damages pursuant to 35 U.S.C. § 284;

F.  That NTT be enjoined from infringing the '870, '490, '855, and '967 Patents, or if its infringement is not enjoined, that NTT be ordered to pay ongoing royalties to Valtrus for any post-judgment infringement of the '870, '490, '855, and '967 Patents;

G. That this is an exceptional case under 35 U.S.C. § 285; and that NTT pay Valtrus's

attorneys' fees and costs in this action; and

H. That Valtrus be awarded such other and further relief, including equitable relief, as this

Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Valtrus hereby demands a trial by jury

on all issues triable to a jury.


May 14, 2024                                                   Respectfully submitted,

                                                              */s/ Eric H. Findlay_____*
                                                              Matthew G. Berkowitz – LEAD ATTORNEY
                                                              Patrick Colsher
                                                              Aaron Morris
                                                              Reichman Jorgensen Lehman & Feldberg LLP
                                                              100 Marine Parkway, Suite 300
                                                              Redwood Shores, CA 94065
                                                              Tel: (650) 623-1401
                                                              mberkowitz@reichmanjorgensen.com
                                                              pcolsher@reichmanjorgensen.com
                                                              amorris@reichmanjorgensen.com

                                                              Connor S. Houghton
                                                              Ariane S. Mann
                                                              Reichman Jorgensen Lehman & Feldberg LLP
                                                              1909 K Street NW, Suite 800
                                                              Washington DC, 20006
                                                              Tel: (202) 894-7310
                                                              choughton@reichmanjorgensen.com
                                                              amann@reichmanjorgensen.com

                                                              Eric H. Findlay (TX Bar No. 00789886)
                                                              FINDLAY CRAFT, P.C.
                                                              7270 Crosswater Avenue, Suite B
                                                              Tyler, Texas 75703
                                                              Tel: (903) 534-1100
                                                              Fax: (903) 534-1137
                                                              Email: efindlay@findlaycraft.com

13

14

*Attorneys for Plaintiff*
*Valtrus Innovations Limited*