# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| **Valtrus Innovations Ltd.** | § | **CIVIL ACTION NO. 2:24-cv-00361-JRG** |
| | § | |
| **Plaintiff,** | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | **LEAD CASE** |
| **NTT Data Services, LLC et al** | § | |
| | § | |
| **Defendant.** | § | |
| **Valtrus Innovations Ltd.** | § | **CIVIL ACTION NO. 2:24-cv-00259-JRG** |
| | § | |
| **Plaintiff,** | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **CyrusOne, LLC** | § | |
| | § | |
| **Defendant.** | § | |
| **and** | § | |
| **Vertiv Corporation** | § | |
| **Intervenor.** | § | |
| | § | |
| **Valtrus Innovations Ltd.** | § | **CIVIL ACTION NO. 2:24-cv-00139-JRG** |
| | § | |
| **Plaintiff,** | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **Digital Realty Trust, Inc.** | § | |
| **and** | § | |
| **Digital Realty Trust, L.P.,** | § | |
| | § | |
| **Defendants.** | § | |
| **and** | § | |
| **Vertiv Corporation** | § | |
| **Intervenor.** | § | |
| | § | |
| **Valtrus Innovations Ltd. and Key** | § | **CIVIL ACTION NO. 2:24-cv-00534-JRG** |
| **Patent Innovations Ltd.,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | § | |
| **v.** | § | |

| | § | |
|---|---|---|
| **CyrusOne, LLC** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |
| **Valtrus Innovations Ltd. and** | § | **CIVIL ACTION NO. 2:24-cv-00535-JRG** |
| **Key Patent Innovations Ltd.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Plaintiffs,** | § | |
| **v.** | § | |
| | § | |
| **Digital Realty Trust, Inc.** | § | |
| **and** | § | |
| **Digital Realty Trust, L.P.,** | § | |
| | | |
| **Defendants.** | | |

## CYRUSONE'S ANSWER AND COUNTERCLAIMS

Defendant CyrusOne, LLC, ("CyrusOne"), through its undersigned counsel, hereby submits its Answer to Plaintiffs Valtrus Innovations Ltd. and Key Patent Innovations Ltd.'s (collectively, "Valtrus" or "Plaintiffs") Complaint for Patent Infringement (the "Complaint"), as well as Counterclaims in response.  Dkt. 1.  CyrusOne denies all allegations in Valtrus' Complaint unless expressly admitted.  Any admissions herein are for purposes of this matter only.  CyrusOne also reserves the right to take further positions and raise additional defenses and counterclaims that may become apparent as a result of additional information discovered subsequent to filing this Answer and Counterclaims to Valtrus' Complaint.

## PARTIES

1.     CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies them.

2.     CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies them.

3.     Admitted.

**PATENTS IN SUIT**

4.      The allegations in Paragraph 4 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies them.

5.      CyrusOne denies that the purported inventions of the Asserted Patents are "innovative and diverse technologies" or "groundbreaking inventions."  CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and, on that basis, denies them.

6.      CyrusOne admits that, on its face, the '277 Patent is entitled "Atmospheric control within a building" and that it states that it was issued on April 6, 2004.  CyrusOne admits that Exhibit 1 to the Complaint purports to be a copy of the '277 Patent.  CyrusOne denies the remaining allegations of Paragraph 6 of the Complaint.

7.      The allegations in Paragraph 7 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, on that basis, denies them.

8.      CyrusOne admits that, on its face, the '287 Patent is entitled "Cooling system" and that it states that it was issued on February 15, 2005.  CyrusOne admits that Exhibit 2 to the Complaint purports to be a copy of the '287 Patent.  CyrusOne denies the remaining allegations in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or

information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies them.

10.     CyrusOne admits that, on its face, the '179 Patent is entitled "Partition for varying the supply of cooling fluid" and that it states that it was issued on March 1, 2005.  CyrusOne admits that Exhibit 3 to the Complaint purports to be a copy of the '179 Patent.  CyrusOne denies the remaining allegations in Paragraph 10 of the Complaint.

11.     The allegations in Paragraph 11 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and, on that basis, denies them.

12.     CyrusOne admits that, on its face, the '870 Patent is entitled "Data center evaluation using an air re-circulation index" and that it states that it was issued on April 18, 2006.  CyrusOne admits that Exhibit 4 to the Complaint purports to be a copy of the '870 Patent.  CyrusOne denies the remaining allegations in Paragraph 12 of the Complaint.

13.     The allegations in Paragraph 13 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, on that basis, denies them.

14.     CyrusOne admits that, on its face, the '490 Patent is entitled "Modular sensor assembly" and that it states that it was issued on March 4, 2008.  CyrusOne admits that Exhibit 5 to the Complaint purports to be a copy of the '490 Patent.  CyrusOne denies the remaining allegations in Paragraph 14 of the Complaint.

15.     The allegations in Paragraph 15 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies them.

16.     CyrusOne admits that, on its face, the '855 Patent is entitled "Flexible data center and methods for deployment" and that it states that it was issued on April 12, 2016.  CyrusOne admits that Exhibit 6 to the Complaint purports to be a copy of the '855 Patent.  CyrusOne denies the remaining allegations in Paragraph 16 of the Complaint.

17.     The allegations in Paragraph 17 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies them.

18.     CyrusOne admits that, on its face, the '967 Patent is entitled "Multiple Power Supply Control" and that it states that it was issued on May 10, 2011.  CyrusOne admits that Exhibit 7 to the Complaint purports to be a copy of the '967 Patent.  CyrusOne denies the remaining allegations in Paragraph 18 of the Complaint.

19.     The allegations in Paragraph 19 of the Complaint express legal conclusions and thus no response is required.  To the extent that a response is required, CyrusOne lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies them.

20.     CyrusOne admits that CyrusOne received a letter from Valtrus on April 1, 2024 entitled "Notice of Infringement of Valtrus Innovation Ltd.'s Patents," and dated March 29, 2024, and that the letter was addressed to CyrusOne's Executive Vice President, General Counsel &

Secretary Robert M. Jackson and proposed a meeting to discuss a license.  CyrusOne denies the remaining allegations in Paragraph 20 of the Complaint.

21.    CyrusOne admits that Mr. Jackson sent a letter dated April 11, 2024 to Valtrus that stated, in part, "[a]t this point we will decline your request for a meeting.  We will let you know if that changes."  To the extent Paragraph 21 contains any other allegations, CyrusOne denies them.

## JURISDICTION AND VENUE

22.    Paragraph 22 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-21 as if fully set forth herein.

23.    CyrusOne admits that the Complaint purports to set forth an action under the patent laws of the United States, Title 35 of the United States Code, but denies that it has committed any acts of infringement as alleged by Plaintiff.  CyrusOne admits that the Eastern District of Texas has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).  CyrusOne denies the remaining allegations of Paragraph 23 of the Complaint.

24.    For purposes of this action only, CyrusOne admits that this Court has personal jurisdiction over CyrusOne.  CyrusOne denies that it has committed any acts of infringement as alleged by Valtrus.  CyrusOne denies any remaining allegations in Paragraph 24 of the Complaint.

25.    CyrusOne denies the allegations in Paragraph 25 of the Complaint.

26.    CyrusOne admits that it operates data centers in this District and the State of Texas.  CyrusOne denies that it has committed any acts of infringement as alleged by Valtrus.  CyrusOne denies any remaining allegations in Paragraph 26 of the Complaint.

27.    CyrusOne denies the allegations of Paragraph 27 of the Complaint.

28.    For purposes of this action only, CyrusOne does not contest that venue is proper in this District.  CyrusOne denies any remaining allegations in Paragraph 28 of the Complaint.

29.     CyrusOne denies that it has committed any acts of infringement as alleged by Valtrus.  CyrusOne admits that it operates data centers in this District.  CyrusOne denies any remaining allegations in Paragraph 29 of the Complaint.

## FIRST CLAIM

### (Alleged Infringement of the '277 Patent)

30.     Paragraph 30 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-29 as if fully set forth herein.

31.     CyrusOne denies the allegations in Paragraph 31 of the Complaint.

32.     CyrusOne denies the allegations in Paragraph 32 of the Complaint.  CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 32 of the Complaint demonstrates any infringement of the '277 Patent by CyrusOne.

## SECOND CLAIM

### (Alleged Infringement of the '287 Patent)

33.     Paragraph 33 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-32 as if fully set forth herein.

34.     CyrusOne denies the allegations of Paragraph 34 of the Complaint.

35.     CyrusOne denies the allegations in Paragraph 35 of the Complaint. CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 35 of the Complaint demonstrates any infringement of the '287 Patent by CyrusOne.

## THIRD CLAIM

### (Alleged Infringement of the '179 Patent)

36.     Paragraph 36 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-35 as if fully set forth herein.

37.     CyrusOne denies the allegations of Paragraph 37 of the Complaint.

38.     CyrusOne denies the allegations in Paragraph 38 of the Complaint. CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 38 of the Complaint demonstrates any infringement of the '179 Patent by CyrusOne.

## FOURTH CLAIM

### (Alleged Infringement of the '870 Patent)

39.     Paragraph 39 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-38 as if fully set forth herein.

40.     CyrusOne denies the allegations in Paragraph 40 of the Complaint.

41.     CyrusOne denies the allegations in Paragraph 41 of the Complaint.

42.     CyrusOne denies the allegations in Paragraph 42 of the Complaint.  CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 42 of the Complaint demonstrates any infringement of the '870 Patent by CyrusOne.

43.     CyrusOne denies the allegations in Paragraph 43 of the Complaint.

## FIFTH CLAIM

### (Alleged Infringement of the '490 Patent)

44.    Paragraph 44 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-43 as if fully set forth herein.

45.    CyrusOne denies the allegations in Paragraph 45 of the Complaint.

46.    CyrusOne denies the allegations in Paragraph 46 of the Complaint.

47.    CyrusOne denies the allegations in Paragraph 47 of the Complaint.  CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 47 of the Complaint demonstrates any infringement of the '490 Patent by CyrusOne.

48.    CyrusOne denies allegations in Paragraph 48 of the Complaint.

## SIXTH CLAIM

### (Alleged Infringement of the '855 Patent)

49.    Paragraph 49 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-48 as if fully set forth herein.

50.    CyrusOne denies the allegations in Paragraph 50 of the Complaint.

51.    CyrusOne denies the allegations in Paragraph 51 of the Complaint.

52.    CyrusOne denies the allegations in Paragraph 52 of the Complaint.  CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 52 of the Complaint demonstrates any infringement of the '855 Patent by CyrusOne.

53.    CyrusOne denies the allegations in Paragraph 53 of the Complaint.

## SEVENTH CLAIM

### (Alleged Infringement of the '967 Patent)

54.     Paragraph 54 of the Complaint does not require an answer.  To the extent any response is required, CyrusOne repeats and realleges the responses to Paragraphs 1-53 as if fully set forth herein.

55.     CyrusOne denies the allegations in Paragraph 55 of the Complaint.

56.     CyrusOne denies the allegations in Paragraph 56 of the Complaint.

57.     CyrusOne denies the allegations in Paragraph 57 of the Complaint.  CyrusOne further denies that the "exemplary claim chart" referenced in Paragraph 57 of the Complaint demonstrates any infringement of the '967 Patent by CyrusOne.

58.     CyrusOne denies the allegations in Paragraph 58 of the Complaint.

## GENERAL DENIAL

59.     CyrusOne further denies each and every allegation contained in Plaintiff's Complaint that CyrusOne has not specifically admitted, denied, or otherwise responded to herein.

## CYRUSONE'S AFFIRMATIVE DEFENSES

60.     CyrusOne asserts the following defenses in response to the allegations of Valtrus' Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the Affirmative Defenses described below, and subject to the responses above, CyrusOne specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

61.     CyrusOne does not infringe and has not infringed under any theory any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

62.    The Patents-in-Suit are invalid because they fail to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, 35 U.S.C. §§ 101, 102, 103, 112 and/or 116, and the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE

63.    Valtrus is not entitled to the relief requested to the extent that its claims are barred at least in part by express or implied license.  Valtrus' claims are barred to the extent that Valtrus' allegations of infringement relate to products that were provided by or for any licensee of the Patents-in-Suit and/or provided to CyrusOne by or through a licensee of the Patents-in-Suit or under a covenant not to sue, whether explicitly or impliedly.

## FOURTH AFFIRMATIVE DEFENSE

64.    Valtrus' claims are barred by the doctrines of waiver, acquiescence, estoppel, laches, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

65.    Valtrus' remedy for alleged infringement, if any, is limited by Title 35 of the United States Code, including 35 U.S.C. § 286 to the extent Valtrus seeks any recovery for any alleged infringing acts that occurred more than six years before the filing of the Complaint.  Valtrus is further barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH AFFIRMATIVE DEFENSE

66.    To the extent that Valtrus lacks all substantive rights to bring suit and to exclude others from practicing the claims of any of the Patents-in-Suit, Valtrus' claims are barred because Valtrus lacks standing.

## SEVENTH AFFIRMATIVE DEFENSE

67.     CyrusOne has not engaged in any conduct that would make this an exceptional case or that would entitle Valtrus to an award of attorneys' fees.

## EIGHTH AFFIRMATIVE DEFENSE

68.     Valtrus' claims are barred in whole or in part by prosecution history estoppel. Valtrus is estopped based on statements, representations, and admissions made during the prosecution before the United States Patent and Trademark Office of the patent families resulting in the Patents-in-Suit.

## NINTH AFFIRMATIVE DEFENSE

69.     On information and belief, Valtrus' claims are barred by the doctrine of ensnarement.  Valtrus is foreclosed from asserting infringement under the doctrine of equivalents to the extent that the scope of such equivalent would ensnare prior art.

## TENTH AFFIRMATIVE DEFENSE

70.     The Complaint fails to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

71.     Valtrus is not entitled to injunctive relief because any alleged injury to Valtrus is not immediate or irreparable, and Valtrus has an adequate remedy at law.

## TWELFTH AFFIRMATIVE DEFENSE

72.     Valtrus' claim for damages, if any, is limited by 35 U.S.C. § 287(a) due to Valtrus' or prior owners, assignees, and/or licensees of the Patents-in-Suit's failure to mark product embodying the Patents-in-Suit.

## THIRTEENTH AFFIRMATIVE DEFENSE

73.     CyrusOne has not engaged in any conduct that constitutes willful infringement or that would otherwise entitle Valtrus to an award of enhanced damages under 35 U.S.C. § 284.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, CyrusOne ("CyrusOne" or "Counterclaim-Plaintiff") bring the counterclaims that follow regarding non-infringement against Valtrus Innovations Ltd. and Key Patent Innovations Ltd. (collectively, "Valtrus" or "Counterclaim-Defendants").

## PARTIES

1.      Counterclaim-Plaintiff CyrusOne, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 2850 North Hardwood Street, Suite 2200, Dallas, TX 75201.

2.      Counterclaim-Defendant Valtrus Innovations Ltd. is a corporation organized and existing under the laws of the Republic of Ireland, and that the address of the registered office of Valtrus Innovations Ltd. is The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

3.      Counterclaim-Defendant Key Patent Innovations Ltd. is a corporation organized and existing under the laws of the Republic of Ireland, and that the address of the registered office of Key Patent Innovations Ltd. is The Glasshouses GH2, 92 Georges Street Lower, Dun Laoghaire, Dublin A96 VR66, Ireland.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Counterclaim-Plaintiff's Declaratory Judgment claims pursuant to 28 U.S.C. §§ 2201–2202 and subject matter jurisdiction over patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      An actual, substantial, and continuing justiciable controversy exists between Counterclaim-Plaintiff and Valtrus.  Valtrus filed the Complaint, Dkt. 1, against CyrusOne alleging infringement of U.S. Patent Nos. 6,718,277 (the "'277 Patent"); 6,854,287 (the "'287

Patent"); 6,862,179 (the "'179 Patent); 7,031,870 (the "'870 Patent"); 7,339,490 (the "'490 Patent"); 9,310,855 (the "'855 Patent"); and 7,939,967 (the "'967 Patent") (collectively, "the Patents-in-Suit"), with respect to which CyrusOne requires a declaration of its rights by this Court.

6.    The Court has personal jurisdiction over Valtrus, including because Valtrus has submitted to the personal jurisdiction of this Court by filing the Complaint. The Court also has personal jurisdiction over Valtrus because it has sufficient minimum contacts with the Eastern District of Texas in connection with the subject matter of this dispute.

7.    Venue is proper in this District as to these Counterclaims pursuant to 28 U.S.C. §§ 1291(b)-(c) and 1400(b), *inter alia*, at least because Valtrus has submitted to the venue of this Court by filing its Complaint here.  However, CyrusOne reserves the right to move to transfer venue in the underlying action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '277 Patent)

8.    CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-7 as though fully set forth herein.

9.    This is an action for declaratory judgment of non-infringement of the '277 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '277 Patent.

10.    CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '277 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

11.    In its Complaint, Valtrus accuses CyrusOne of infringing the '277 Patent.  Absent a declaration that CyrusOne does not infringe the '277 Patent, Valtrus will continue to wrongfully assert the '277 Patent against CyrusOne and thereby cause injury to CyrusOne.

12.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '277 Patent.

13.     CyrusOne is entitled to a judgment from this Court that the claims of the '277 Patent are not infringed by CyrusOne.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '287 Patent)

14.     CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-13 as though fully set forth herein.

15.     This is an action for declaratory judgment of non-infringement of the '287 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '287 Patent.

16.     CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '287 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

17.     In its Complaint, Valtrus accuses CyrusOne of infringing the '287 Patent.  Absent a declaration that CyrusOne does not infringe the '287 Patent, Valtrus will continue to wrongfully assert the '287 Patent against CyrusOne and thereby cause injury to CyrusOne.

18.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '287 Patent.

19.     CyrusOne is entitled to a judgment from this Court that the claims of the '287 Patent are not infringed by CyrusOne.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '179 Patent)

20.     CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-19 as though fully set forth herein.

21.     This is an action for declaratory judgment of non-infringement of the '179 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '179 Patent.

22.     CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '179 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

23.     In its Complaint, Valtrus accuses CyrusOne of infringing the '179 Patent.  Absent a declaration that CyrusOne does not infringe the '179 Patent, Valtrus will continue to wrongfully assert the '179 Patent against CyrusOne and thereby cause injury to CyrusOne.

24.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '179 Patent.

25.     CyrusOne is entitled to a judgment from this Court that the claims of the '179 Patent are not infringed by CyrusOne.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '870 Patent)

26.     CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-25 as though fully set forth herein.

27.     This is an action for declaratory judgment of non-infringement of the '870 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '870 Patent.

28.    CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '870 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

29.    In its Complaint, Valtrus accuses CyrusOne of infringing the '870 Patent.  Absent a declaration that CyrusOne does not infringe the '870 Patent, Valtrus will continue to wrongfully assert the '870 Patent against CyrusOne and thereby cause injury to CyrusOne.

30.    A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '870 Patent.

31.    CyrusOne is entitled to a judgment from this Court that the claims of the '870 Patent are not infringed by CyrusOne.

### FIFTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '490 Patent)**

32.    CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-31 as though fully set forth herein.

33.    This is an action for declaratory judgment of non-infringement of the '490 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '490 Patent.

34.    CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '490 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

35.    In its Complaint, Valtrus accuses CyrusOne of infringing the '490 Patent.  Absent a declaration that CyrusOne does not infringe the '490 Patent, Valtrus will continue to wrongfully assert the '490 Patent against CyrusOne and thereby cause injury to CyrusOne.

36.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '490 Patent.

37.     CyrusOne is entitled to a judgment from this Court that the claims of the '490 Patent are not infringed by CyrusOne.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '855 Patent)

38.     CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-37 as though fully set forth herein.

39.     This is an action for declaratory judgment of non-infringement of the '855 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '855 Patent.

40.     CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '855 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

41.     In its Complaint, Valtrus accuses CyrusOne of infringing the '855 Patent.  Absent a declaration that CyrusOne does not infringe the '855 Patent, Valtrus will continue to wrongfully assert the '855 Patent against CyrusOne and thereby cause injury to CyrusOne.

42.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '855 Patent.

43.     CyrusOne is entitled to a judgment from this Court that the claims of the '855 Patent are not infringed by CyrusOne.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '967 Patent)

44.     CyrusOne realleges and incorporates by reference the allegations made in Paragraphs 1-43 as though fully set forth herein.

45.     This is an action for declaratory judgment of non-infringement of the '967 Patent. As a result of at least the allegations contained in the complaint, an actual and justiciable controversy exists between CyrusOne and Valtrus concerning the infringement of the '967 Patent.

46.     CyrusOne has not infringed and does not infringe any valid or enforceable claim of the '967 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

47.     In its Complaint, Valtrus accuses CyrusOne of infringing the '967 Patent.  Absent a declaration that CyrusOne does not infringe the '967 Patent, Valtrus will continue to wrongfully assert the '967 Patent against CyrusOne and thereby cause injury to CyrusOne.

48.     A substantial, immediate, and real controversy therefore exists, within the meaning of 28 U.S.C. §§ 2201 and 2202, between CyrusOne and Valtrus as to whether CyrusOne has infringed or infringes any claim of the '967 Patent.

49.     CyrusOne is entitled to a judgment from this Court that the claims of the '967 Patent are not infringed by CyrusOne.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL COUNTERCLAIMS

Counterclaim-Plaintiff reserves the right to supplement its Counterclaims.  Counterclaim-Plaintiff has not knowingly or intentionally waived any counterclaims, and reserves the right to assert and rely upon other counterclaims that may become available or apparent throughout the course of this action.  Counterclaim-Plaintiff continues to investigate this matter and reserves the right to amend or seek to amend its Counterclaims to assert any counterclaims that come to light upon further investigation and discovery.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), CyrusOne hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, CyrusOne respectfully prays for the following relief:

(a)    Judgment against Valtrus dismissing the Complaint and denying with prejudice all relief requested in Valtrus' Complaint and its prayer therein;

(b)    Judgment that this case is exceptional under 35 U.S.C. § 285 and an award to CyrusOne of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

(c)    Judgment awarding CyrusOne such other relied as this Court deems just and proper; and

(d)    Declaratory judgment that Counterclaim-Plaintiff has not infringed, directly or indirectly, or by the Doctrine of Equivalents, any claim of the Patents-in-Suit.

Dated:  October 1, 2024

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No.: 24001351
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, TX 75670
Tel.: (903) 934-8450
Fax: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Gregory S. Arovas (*pro hac vice*)
Todd M. Friedman (*pro hac vice*)
Peter Evangelatos (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10002
Tel.: (212) 446-4800
Fax: (212) 446-4900
Email:  greg.arovas@kirkland.com
Email:  todd.firedman@kirkland.com
Email:  peter.evangelatos@kirkland.com

Sean M. McEldowney *(pro hac vice)*
Matthew J. McIntee (*pro hac vice*)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Tel.: (202) 389-5000
Fax: (202) 389-5200
Email:  sean.mceldowney@kirkland.com
Email:  matt.mcintee@kirkland.com

*Counsel for Defendant and Counterclaim-Plaintiff CyrusOne, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 1, 2024, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_/s/ Melissa R. Smith_

Melissa R. Smith