IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LIMITED,<br>　　　　Plaintiff,<br><br>v.<br><br>NTT DATA SERVICES, LLC, e*t al*.,<br>　　　　Defendant,<br><br>and<br><br>VERTIV CORPORATION<br>　　　　Intervenor, | Civil Action No. 2:24-cv-00361-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| VERTIV CORPORATION,<br>　　　　Plaintiff,<br><br>v.<br><br>VALTRUS INNOVATIONS LIMITED,<br>　　　　Defendant, | Civil Action No. 2:24-cv-00907-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**P.R. 4-3 JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Pursuant to P.R. 4-3 and the Court's Second Amended Docket Control Order (Dkt. 116), Plaintiff Vertiv Corporation ("Vertiv") and Defendant Valtrus Innovations Limited ("Valtrus") hereby submit their Joint Claim Construction and Prehearing Statement for:

- U.S. Patent No. 6,718,277 ("the '277 Patent");
- U.S. Patent No. 6,854,287 ("the '287 Patent");
- U.S. Patent No. 6,862,179 ("the '179 Patent"); and
- U.S. Patent No. 7,031,870 ("the '870 Patent").

(collectively, the "Asserted Patents").

## I.  P.R. 4-3(a)(1) – Agreed Upon Constructions

The parties respectfully submit that they have not agreed to any constructions.

## II.  P.R. 4-3(a)(2) – Disputed Constructions

The parties dispute the construction of the claim terms as set forth in Appendices A and B. Appendix A reflects Vertiv's positions and support. Appendix B reflects Valtrus' positions and support. In those Appendices, the parties sets forth their respective proposed claim construction or indefiniteness positions for each disputed claim term, phrase, or clause, together with an identification of all references from the specification or prosecution history that support that position, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses.

Each party reserves the right to rely on any intrinsic or extrinsic evidence identified by the other party. In addition, each party reserves the right to amend, correct, or supplement its claim construction positions and supporting evidence in response to any change of position by the other party, including any supplements or amendments to contentions served by either party, or for other good cause.

**III.     P.R. 4-3(a)(3) – Anticipated Time for Hearing**

The parties anticipate a combined total of four (4) hours for presentation at the hearing, with the time evenly divided between the parties, or as the Court finds necessary or appropriate.

**IV.     P.R. 4-3(a)(4) – Witness Testimony**

The parties do not anticipate calling witnesses at the hearing.

**V.     P.R. 4-3(a)(5) – Other Issues**

While the parties do not believe a prehearing conference prior to the Claim Construction Hearing is necessary, they identify the following issues relating to claim construction for the Court's awareness. In this declaratory judgment action, Valtrus (the patent owner) has not served infringement contentions or asserted infringement; it has done so in related actions against Vertiv's customers. Valtrus' position is that there is no case or controversy between itself and Vertiv, as set forth in its motion to dismiss. Dkt. 81. Vertiv opposes Valtrus' motion to dismiss. Therefore, due to the procedural posture of this case, the parties have jointly agreed as follows:

- Vertiv shall file the opening claim construction brief (P.R. 4-5(a));
- Valtrus shall file the responsive claim construction brief (P.R. 4-5(b)); and
- Vertiv shall file the reply claim construction brief (P.R.4-5(c)).

| | |
|---|---|
| Date: August 11, 2025 | */s/ Daniel J. Schwartz w/ permission William E. Davis, III* <br> William E. Davis, III <br> Texas Bar No. 24047416 <br> Ty Wilson <br> Texas State Bar No. 24106583 <br> **DAVIS FIRM PC** <br> 213 N. Fredonia Street, Suite 230 <br> Longview, TX 75601 <br> Tel.: (903) 230-9090 <br> bdavis@davisfirm.com <br> twilson@davisfirm.com <br><br> Timothy P. Maloney <br> Daniel J. Schwartz <br> Allison Strong <br> Randal Alexander <br> NIXON PEABODY LLP <br> 70 West Madison, Suite 5200 <br> Chicago, IL 60602 <br> Tel.: (312) 97704400 <br> tmaloney@nixonpeabody.com <br> djschwartz@nixonpeabody.com <br> astrong@nixonpeabody.com <br> ralexander@nixonpeabody.com <br><br> Nicole Sims (TX Bar No. 24051343) <br> NIXON PEABODY LLP <br> 799 9th Street NW, Suite 500 <br> Washington, DC 20001-5327 <br> Tel: (202)585-8337 <br> nsims@nixonpeabody.com <br><br> *Attorneys for Plaintiff Vertiv Corporation* |

3

Date:  August 11, 2025

/s/ *Connor S. Houghton w/permission*
Matthew G. Berkowitz – LEAD ATTORNEY
Aaron Morris
Reichman Jorgensen Lehman & Feldberg LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel: (650) 623-1401
mberkowitz@reichmanjorgensen.com
amorris@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
efindlay@findlaycraft.com

Connor S. Houghton
Ariane S. Mann
Reichman Jorgensen Lehman & Feldberg LLP
1909 K Street NW, Suite 800
Washington DC, 20006
Tel: (202) 894-7310
choughton@reichmanjorgensen.com
amann@reichmanjorgensen.com

Patrick Colsher
Reichman Jorgensen Lehman & Feldberg LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Tel: (212) 381-1965
pcolsher@reichmanjorgensen.com

*Attorneys for Defendant*
*Valtrus Innovations Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record.

*/s/ Daniel J. Schwartz*
Daniel J. Schwartz
