# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Valtrus Innovations Ltd.,** | § | **C.A. NO. 2:24-cv-00361-JRG-RSP** |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | **LEAD CASE** |
| | § | |
| NTT Data Services, LLC et al., | § | |
| | § | |
| Defendant. | § | |
| **Vertiv Corporation,** | § | **C.A NO. 2:24-cv-00907-JRG-RSP** |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | |
| | § | |
| **Valtrus Innovations Ltd.,** | § | |
| | § | |
| Defendant. | § | |

## VALTRUS' MEMORANDUM ADDRESSING
## JOINDER OF COUNTERCLAIM DEFENDANTS

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

DISCUSSION ......................................................................................................................... 2

    I.      Valtrus Timely Filed a Compulsory Counterclaim Under Rule 13 and Joined the Necessary Parties Under Rule 19 or 20. ........................................................... 3

    II.     Joinder Is Not Barred By 35 U.S.C. § 299................................................................ 4

    III.    Valtrus Had a Good-Faith Basis for Joinder Before Filing the Counterclaims. ...... 7

CONCLUSION....................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adrain v. Genetec Inc.*,
 2009 WL3063414 (E.D. Tex. Sept. 22, 2009) ............................................................................5

*Alford Safety Servs., Inc., v. Hot-Hed, Inc.*,
 2010 WL 3418233 (E.D. La. August 24, 2010) ........................................................................5

*In re Apple Inc.*,
 650 F. App'x 771 (Fed. Cir. 2015) ............................................................................................6

*Beardmore v. Jacobson*,
 2014 WL 3543726 (S.D. Tex. July 14, 2014) ...........................................................................3

*Better Educ. Inc. v. Einstruction Corp.*,
 2010 WL 918307 (E.D. Tex. March 10, 2010) .........................................................................5

*Carucel Invs., L.P. v. Novatel Wireless, Inc.*,
 2016 WL 8738221 (S.D. Cal. May 13, 2016) ...........................................................................6

*Chrimar Sys., Inc. v. ADTRAN, Inc.*,
 2016 WL 11746529 (E.D. Tex. Oct. 25, 2016) .........................................................................6

*In re EMC Corp.*,
 677 F.3d 1351 (Fed. Cir. 2012) .............................................................................................5, 7

*Eolas Techs., Inc. v. Adobe Sys., Inc.*,
 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010) ..........................................................................5

*KPR U.S., LLC v. LifeSync Corp.*,
 2023 WL 4156693 (S.D. Fla. June 24, 2023) ............................................................................6

*Mandawala v. Struga Mgmt.*,
 2023 WL 2712500 (5th Cir. Mar. 30, 2023) ..............................................................................3

*Mannatech, Inc. v. Country Life, LLC*,
 2010 WL 2944574 (N.D. Tex. July 26, 2010) ...........................................................................5

*MyMail, Ltd. v. America Online, Inc.*,
 223 F.R.D. 455 (E.D. Tex. 2004) ..............................................................................................5

*NFC Tech., LLC v. HTC Am.*,
 2014 WL 3834959 (E.D. Tex. Aug. 1, 2014) .........................................................................6, 7

*In re Nintendo Co.*,
    544 F. App'x 934 (Fed. Cir. 2013) ..................................................................................8

*Rudd v. Lux Prods. Corp.*,
    2011 WL 148052 (N.D. Ill. Jan. 12, 2011) ......................................................................5

*Samsung Elecs. Co. v. Netlist, Inc.*,
    2023 WL 5333284 (D. Del. Aug. 18, 2023) ....................................................................6

*Simpson Performance Prods., Inc. v. NecksGen Inc.*,
    2019 WL 4187463 (S.D. Cal. Mar. 25, 2019) .................................................................6

*Sprint Commc'ns Co. v. Theglobe.com, Inc.*,
    233 F.R.D. 615 (D. Kan. 2006).......................................................................................5

*Tinnus Enters., LLC v. Telebrands Corp.*,
    2017 WL 11630433 (E.D. Tex. July 11, 2017) ...............................................................3

*UltimatePointer, LLC v. Nintendo Co.*,
    2014 WL 12515338 (E.D. Tex. June 17, 2014)...........................................................6, 8

**Federal Statutes**

35 U.S.C. § 299................................................................................................................ *passim*

**Rules**

Fed. R. Civ. P. 12(a)(1)(A) ......................................................................................................3

Fed. R. Civ. P. 12(a)(4)(A) ......................................................................................................3

Fed. R. Civ. P. 12(b) ................................................................................................................3

Fed. R. Civ. P. 13(a)(1)............................................................................................................3

Fed. R. Civ. P. 13(h) ................................................................................................................3

Fed. R. Civ. P. 15(a)(3)............................................................................................................3

Fed. R. Civ. P. 19(a) ............................................................................................................3, 4

Fed. R. Civ. P. 20................................................................................................................4, 5, 7

**Other Authorities**

H.R. Rep. No. 112-98 pt. 1 (2011)...........................................................................................5

Valtrus files this memorandum in response to the Court's order (Dkts. 193 and 195) to address the law supporting its good-faith basis for joinder of the counterclaim defendants in Valtrus' counterclaims filed September 25, 2025. Valtrus is concurrently providing the Declaration of Connor S. Houghton for *in camera* review with additional details regarding the research done before filing the counterclaims.

## INTRODUCTION

Valtrus respectfully submits that its counterclaims properly joined Vertiv's customers as counterclaim defendants. Valtrus timely filed its first responsive pleading on September 25, 2025 and included compulsory counterclaims in that pleading. Vertiv's customers are necessary parties to those counterclaims because they are accused of direct infringement and are jointly or alternatively liable for damages arising out of the same series of transactions or occurrences that are at issue in Vertiv's declaratory judgment claims. Valtrus has a good-faith basis for joining those counterclaim defendants in this case—in fact, they are required parties under the Federal Rules, and the limitations in 35 U.S.C. § 299 do not bar their joinder as accused infringers. As explained in the attached declaration, Valtrus thoroughly researched this issue before filing its counterclaim and maintains that its position is correct on the law and appropriate under the circumstances.[1]

Nothing in § 299 bars joinder of Vertiv's customers in this action. Under Federal Circuit case law and persuasive decisions from courts in this District and around the country, Valtrus was well within its rights to join each of Vertiv's customers here because it asserts a right to relief jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of

---

[1] As will be further explained in the Joint Notice requested by the Court, Valtrus has suggested several alternative proposals on how its counterclaims can proceed efficiently without burdening the counterclaim defendants with inspections or significant discovery.

1

transactions or occurrences relating to the use of the same accused product or process. The AIA added § 299 specifically to bar patent holders from suing disparate parties in a single case based solely on allegations that they have each infringed the same patents. That is not the case here—to the contrary, this is exactly the type of case § 299 contemplated continuing to allow, as the cases applying it have made clear.

At bottom, Valtrus has a good-faith basis in the law for its counterclaims and for joining the additional counterclaim defendants.

## BACKGROUND

Vertiv's declaratory judgment complaint seeks a declaration that its customers' use of Vertiv products does not infringe Valtrus' patents. *See* Dkt. 124 (Second Amended Complaint). Vertiv represented to the Court that its customers use its products in the same way, such that infringement can be determined based facts about the products rather than facts about any individual customer's use. For instance, at the September 10, 2025 hearing, Vertiv explained that its products are not "modifiable" and not "changeable," and it therefore contended that a declaratory judgment regarding its products would preclude any future claims against its customers based on their use of those products. *See* 9/10/25 Hearing Tr. 13-14. Vertiv also represented that its customers were its real parties in interest as it relates to their use of Vertiv's products in this case. *Id.* at 63. And Vertiv has repeatedly explained that it will be responsible for any damages based on the use of Vertiv's products by its customers due to its indemnity agreements. *See* Dkt. 71 at 4; Dkt. 72. at 4. Based on these representations, Valtrus filed counterclaims that are the mirror image to Vertiv's declaratory judgment claim, seeking relief jointly, severally, or in the alternative from Vertiv and its customers for their infringement of Valtrus' patents. Dkt. 151.

## DISCUSSION

As set forth below, Valtrus' joinder of counterclaim defendants was appropriate under the

2

law, and Valtrus had a good-faith basis for its counterclaims.

**I.  Valtrus Timely Filed a Compulsory Counterclaim Under Rule 13 and Joined the Necessary Parties Under Rule 19 or 20.**

Valtrus' counterclaim against Vertiv and its customers was compulsory under Rule 13(a), which explains that a "pleading must state as a counterclaim any claim" that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1). Here, the subject matter of Vertiv's claim is whether or not its customers' use of Vertiv's products infringed Valtrus' patents. *See, e.g.*, Dkt. 124 ¶¶ 74-103. Therefore, any claim Valtrus had involving infringement by Vertiv or its customers based on their use of Vertiv's products arose out of the same transaction or occurrence and was compulsory under Rule 13(a).[2]

As explained in Valtrus' motions to dismiss (and as Vertiv concedes), Vertiv does not itself directly or indirectly infringe Valtrus' patents. Dkt. 121 at 6-10. So instead of relying on a threat of infringement liability for itself, Vertiv based its declaratory judgment claims on its indemnification obligations to its customers. Dkt. 129 at 3. Rule 13(h) makes clear that Rule 19 governs the addition of a party to a counterclaim. And under Rule 19, Vertiv's customers are required parties to Valtrus' counterclaim because in their absence, "the court cannot accord

---

[2] Valtrus' counterclaim was timely, as it was included in its first responsive pleading to Vertiv's complaint. *See* N.D. Tex. No. 3:24-cv-00152, Dkt. 13; Dkt. 81; Dkt. 121 (previous motions to dismiss). Under Rule 12, Valtrus was required to either plead its answer, or "before pleading," file a Rule 12(b) motion. Fed. R. Civ. P. 12(a)(1)(A), (a)(4), (b). A timely Rule 12(b) motion tolls the time to answer until fourteen days after the motion is decided. Fed. R. Civ. P. 12(a)(4)(A); *accord Mandawala v. Struga Mgmt.*, 2023 WL 2712500, at *2 n.1 (5th Cir. Mar. 30, 2023); *Beardmore v. Jacobson*, 2014 WL 3543726, at *7 (S.D. Tex. July 14, 2014). Valtrus timely filed its initial answer and counterclaims after the Court granted Vertiv's motion for leave to file a Second Amended Complaint. Fed. R. Civ. P. 15(a)(3). *See Tinnus Enters., LLC v. Telebrands Corp.*, 2017 WL 11630433, at *1 (E.D. Tex. July 11, 2017).

complete relief among the existing parties." Fed. R. Civ. P. 19(a)(1)(A).[3]

## II.     Joinder Is Not Barred By 35 U.S.C. § 299.

Section 299(a) provides that accused infringers may be joined as counterclaim defendants "only if" two requirements are satisfied: "(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants or counterclaim defendants will arise in the action." 35 U.S.C. § 299(a). There is no serious dispute that there are common questions of fact raised in Valtrus' counterclaims, given that each of the counterclaim defendants is accused of infringing based on its use of the same Vertiv products. Therefore, Valtrus properly joined the counterclaim defendants as long as it is (i) asserting a right to relief "jointly, severally, or in the alternative" for which (ii) the "same transaction or occurrence" requirement is satisfied and (iii) that relates to the same accused product.

Section 299's plain language resolves those questions in Valtrus' favor. First, the counterclaims themselves make clear that Valtrus seeks a right to relief "jointly, severally, or in the alternative" against Vertiv and the customers. Dkt. 151 at 21 ¶ 13, 55-56 (Prayer for Relief).

Second, the claims satisfy the "same transaction or occurrence" test. In the context of Rule 20, which has the same language (save the requirement that the same product or process be involved), the Federal Circuit has explained that "independent defendants satisfy the transaction-

---

[3] At a minimum, Vertiv's customers are permissive parties because Valtrus asserted a right to relief jointly, severally, or in the alternative against Vertiv and its customers arising out of the same transaction, occurrence, or series of transactions or occurrences and there are common questions of fact about infringement based on use of Vertiv's products. *See* Fed. R. Civ. P. 20(a)(2); *see also infra* § III (addressing § 299's similar requirements).

4

or-occurrence test of Rule 20 when there is a logical relationship between the separate causes of action. The logical relationship test is satisfied if there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant. In other words, the defendants' allegedly infringing acts, which give rise to the individual claims of infringement, must share an aggregate of operative facts." *In re EMC Corp.*, 677 F.3d 1351, 1356-60 (Fed. Cir. 2012) (emphasis omitted). Here, as explained in more detail below, that test is satisfied—according to Vertiv, each of the customers uses the identical products in the identical way, which Valtrus alleges infringes its patents.

Third, the counterclaims all relate to the same accused product. *See supra* p. 2. Therefore, under the plain language of § 299, Valtrus properly joined the counterclaim defendants.

The legislative history supports Valtrus' position. It explains that the purpose of new § 299 in the AIA was to address "problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement suits." H.R. Rep. No. 112-98 pt. 1, at 54 (2011). The solution Congress implemented was to bring patent practice in line with Civil Rule 20 and abrogate cases allowing plaintiffs to join disparate defendants based solely on the allegation that they all infringed the same patent:

> Section 299 legislatively abrogates the construction of Rule 20(a) adopted in *MyMail, Ltd. v. America Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004); *Sprint Communications Co. v. Theglobe.com, Inc.*, 233 F.R.D. 615 (D. Kan. 2006); *Adrain v. Genetec Inc.*, 2009 WL3063414 (E.D. Tex. September 22, 2009); *Better Educ. Inc. v. Einstruction Corp.*, 2010 WL 918307 (E.D. Tex. March 10, 2010); *Mannatech, Inc. v. Country Life, LLC*, 2010 WL 2944574 (N.D. Tex. July 26, 2010); *Alford Safety Services, Inc., v. Hot-Hed, Inc.*, 2010 WL 3418233 (E.D. La. August 24, 2010); and *Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762 (E.D. Tex. September 28, 2010)—effectively conforming these courts' jurisprudence to that followed by a majority of jurisdictions. *See generally Rudd v. Lux Products Corp.*, 2011 WL 148052 (N.D. Ill. January 12, 2011).

*Id.* at 55 n.61; *see also id.* at 81 (explaining that under new § 299, "accused infringers may not be joined based solely on allegations that they each have infringed the patent or patents in suit").

5

Case law interpreting § 299 also supports Valtrus. Courts around the country, including this Court, have permitted plaintiffs to file suit against multiple defendants in analogous circumstances to these. *See, e.g.*, *NFC Tech., LLC v. HTC Am.*, 2014 WL 3834959, at *1-*2 (E.D. Tex. Aug. 1, 2014) (denying motion to dismiss under § 299 because the defendants used the same third-party NFC chipset in the same way to infringe the asserted patent); *UltimatePointer, LLC v. Nintendo Co.*, 2014 WL 12515338, at *2 (E.D. Tex. June 17, 2014) (suit against Nintendo and 19 retailers selling the accused Nintendo products satisfied § 299); *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 2016 WL 8738221, at *4-*5 (S.D. Cal. May 13, 2016) (no § 299 problem in joining an upstream manufacturer with multiple downstream retailers that were selling both the manufacturer's accused products along with other accused products); *Samsung Elecs. Co. v. Netlist, Inc.*, 2023 WL 5333284, at *4 (D. Del. Aug. 18, 2023) (counterclaim filed against Samsung adding Google as an additional counterclaim defendant was appropriate under § 299 because Google purchased and incorporated the accused products from Samsung); *KPR U.S., LLC v. LifeSync Corp.*, 2023 WL 4156693, at *2-*4 (S.D. Fla. June 24, 2023) (multiple defendants properly joined under § 299 where one party had an indemnification obligation to another related to the claims in the case, showing "that there is an obvious relationship between the two parties and that their connection is not tenuous or coincidental"); *Chrimar Sys., Inc. v. ADTRAN, Inc.*, 2016 WL 11746529, *2 (E.D. Tex. Oct. 25, 2016) (joinder proper under § 299 between a seller and a reseller of the same accused product); *Simpson Performance Prods., Inc. v. NecksGen Inc.*, 2019 WL 4187463, at *1, *4 (S.D. Cal. Mar. 25, 2019) (joinder proper under § 299 where two defendants sold the same accused device); *In re Apple Inc.*, 650 F. App'x 771, 774-75 (Fed. Cir. 2015) (denying mandamus relief regarding the denial of severance because the claims were "based on use of the same accused software applications"). And no controlling authority has held

6

otherwise—the Federal Circuit has never directly addressed the appropriate scope of § 299 in a precedential decision.

*NFC Technologies* is particularly instructive. In that case, Judge Gilstrap denied a motion to dismiss for misjoinder under § 299 under facts even less strong than those here. There, the complaint alleged that two separate defendants, HTC and LG, both infringed the asserted patents because both defendants used a particular type of NXP Semiconductors chip in their accused products. NXP Semiconductors was not a party. The Court found that the plaintiff's allegations regarding the use of the same components were sufficient to satisfy § 299 and the Federal Circuit's rule in the Rule 20 context that the "same accused product" means that the products must be "the same in respects relevant to the patent." 2014 WL 3834959, at *2 (quoting *EMC*, 677 F.3d at 1359). The Court also found that the defendant's argument for misjoinder read the statute's "same transaction or occurrence" language "too narrowly," explaining that the "Federal Circuit has made clear that this test is a multi-factored, individual analysis of the 'aggregate of operative facts[.]'" *Id.* (quoting *EMC*, 677 F.3d at 1359).

Valtrus' allegations for joinder are stronger than in *NFC*. The counterclaim defendants here are all alleged to infringe Valtrus' patents based on their use of the same Vertiv products that are at issue in Vertiv's declaratory judgment complaint. *See* Dkt. 151 at 51, ¶¶ 138-39. And Vertiv has now gone further, indicating that its products are not changeable or modifiable. *See supra* p. 2. That is, unlike in *NFC* where the use of identically sourced components in similar accused products was enough to satisfy § 299's "same transaction or occurrence" requirement, Valtrus' allegations here—based on Vertiv's own representations—are that the counterclaim defendants all use the identical accused products in an identical way.

### III.     Valtrus Had a Good-Faith Basis for Joinder Before Filing the Counterclaims.

As explained in further detail in the Declaration of Connor S. Houghton (provided to the

7

Court for *in camera* review), counsel for Valtrus researched and analyzed the scope of § 299 and joinder issues relating to the counterclaims before filing them and, as a result, counsel had a good-faith basis for joining the counterclaim defendants.[4] Specifically, Valtrus' counsel was familiar with case law on § 299 issues it had addressed in the two to three years leading up to the counterclaims here, and Valtrus' counsel considered and discussed that prior research in the context of this case before Vertiv's declaratory judgment complaint was filed. Valtrus' counsel also had numerous privileged discussions relating to the § 299 issues between September 12 and September 25, including corresponding about whether joinder of the counterclaim defendants was appropriate in this case. Valtrus' counsel also did additional legal research during that timeframe relating to the counterclaims it could raise, which included reviewing the *Nintendo* case cited above that was raised at the October 14 hearing in this matter. *In re Nintendo Co.*, 544 F. App'x 934, 939 (Fed. Cir. 2013), *on remand*, *UltimatePointer, LLC v. Nintendo Co.*, 2014 WL 12515338, at *1 (E.D. Tex. June 17, 2014); *see* 10/14/25 Hearing Tr. 50:10-51:22. And Valtrus' counsel considered venue issues relating to the counterclaim defendants and understood that the counterclaims needed to satisfy both the venue requirements and the joinder requirements of § 299 separately. As set forth in the declaration, Valtrus had a good-faith basis for joinder before filing its counterclaims.

## CONCLUSION

For the reasons stated above and further explained in the Declaration of Connor S. Houghton, Valtrus had a good-faith basis for joinder of the counterclaim defendants.

---

[4] The Court ordered Valtrus to explain "what you found when you looked into this issue before you filed this counterclaim." Dkt. 193 at 51:23-52:6. Valtrus therefore provides this explanation to comply with the Court's order, subject to its objections. The Declaration is being provided *in camera* to avoid any allegation of waiver of attorney-client privilege or work-product protection.

Dated: October 21, 2025

Connor S. Houghton
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
1909 K Street, NW, Suite 800
Washington, DC 20006
Fax: (650) 560-3501
Tel.: (202) 894-7310
chouhgton@reichmanjorgensen.com

Ariane S. Mann
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
515 Congress Avenue, Suite 1900
Austin, TX 78701
Fax: (650) 560-3501
Tel.: (650) 623-1401
amann@reichmanjorgensen.com

Respectfully submitted,

/s/ Eric H. Findlay
Matthew G. Berkowitz
Aaron Morris
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Fax: (650) 560-3501
Tel.: (650) 623-1401
mberkowitz@reichmanjorgensen.com

Patrick Colsher
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
400 Madison Avenue, Suite 14D
New York, NY 10017
Fax: (650) 560-3501
Tel.: (212) 381-1965
pcolsher@reichmanjorgensen.com

Eric H. Findlay (TX Bar No. 00789886)
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, Texas 75703
Tel: (903) 534-1100
Fax: (903) 534-1137
Email: efindlay@findlaycraft.com

*Attorneys for Defendant Valtrus Innovations Ltd.*

9

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing *via* electronic mail to all counsel of record. The Declaration of Connor S. Houghton was filed *in camera* and was therefore only provided to the Court.

/s/ *Eric H. Findlay*
Eric H. Findlay